IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN L. MALONE, #411853,<br>          Petitioner, | §<br>§<br>§ | |
| v. | § | 3:13-CV-4636-G-BK |
| | § | |
| JUDGE EARNEST WHITE,<br>          Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The Court now considers Petitioner's pro se *Motion Filed Under Redress* against Judge Earnest White of the 194th Judicial District Court of Dallas County, Texas. The Court treated the pleadings as a petition for *writ of mandamus* and granted the motion for leave to proceed *in forma pauperis*.[1] For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Petitioner's pleadings are difficult to decipher. He apparently seeks an order compelling Judge White to grant his motion for a *nun pro tunc* order in his state criminal case and expunge his conviction and all records of his allegedly erroneous arrest. (Doc. 3 at 1; Doc. 4 at 2).[2]

---

[1] The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for *writ of mandamus* stemming from a state criminal proceeding such as the one at issue in this case. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose from state post-conviction application was not subject to fee payment requirements of section 1915).

[2] In 1985, Petitioner was convicted of sexual assault of a child and sentenced to forty years' imprisonment. *State v. Malone*, No. F85-98931-IM (194th Jud. Dist. Court, Dallas County, 1985), *aff'd*, No. 05-85-01401-CR (Tex. App.– Dallas Nov. 5, 1986, no pet.). Petitioner unsuccessfully challenged his conviction in numerous state and federal habeas proceedings, and this Court dismissed the last three federal habeas petitions as successive and his request for DNA testing without prejudice. *See Malone v. Thaler*, No. 3:11-CV-2304-M-BK, 2012 WL 760319 *1

## II. ANALYSIS

### Frivolous

Because Petitioner is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Petitioner's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, the petition for writ of mandamus is frivolous.

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Here, as previously noted, the only relief sought is mandamus against Judge White of the 194th Judicial District Court to compel him to enter a *nunc pro tunc* order vacating Petitioner's conviction and underlying arrest. Accordingly, Petitioner's request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming

---

(N.D. Tex. Feb. 2, 2012), *accepting recommendation*, 2012 WL 760310 (Mar. 7, 2012) (summarizing procedural history).

dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties).

**Sanction Warning**

Earlier this year, Petitioner unsuccessfully sought mandamus relief against Judge White because of his refusal to grant a request for *nunc pro tunc* relief in state court. See *Malone v. White*, No. 3:13-CV-2633-N-BF, 2013 WL 4516787 (N.D. Tex. Aug. 26, 2013) (accepting magistrate judge's recommendation and dismissing mandamus petition with prejudice as frivolous). Thus, Petitioner was on notice of the frivolous nature of this action. Consequently, Petitioner should be warned that if he persists in filing frivolous or baseless petitions for writ of mandamus or for *nunc pro tunc* relief, the Court may impose monetary sanctions and/or bar him from bringing any further action. See Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of mandamus be summarily **DISMISSED** with prejudice as frivolous. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). It is further recommended that Petitioner be **WARNED** that sanctions may be

imposed if he persists in filing frivolous or baseless petitions for writ of mandamus or for *nunc pro tunc* relief.

SIGNED December 17, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE